USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__02/20/18___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
 :
CHARLES KELCY PEGLER SR., et al., :
                                    Plaintiffs, :
 : 17 Civ. 4319 (LGS)
              -against- :
 : **OPINION AND ORDER**
NRG RESIDENTIAL SOLAR SOLUTIONS :
LLC, et al., :
                                  Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Charles Kelcy Pegler Sr. and Kelcy Charles Pegler Jr. (the "Peglers") brought this action against Defendants NRG Residential Solutions, LLC ("NRG Solar") and NRG Energy Inc. ("NRG Energy"), alleging breach of contract under their Purchase and Sale Agreement (the "Agreement"). Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), and Plaintiffs cross-moved for summary judgment.

The critical facts for purposes of this motion are undisputed. The sole issue on both pending motions is whether a single provision in the Agreement is unambiguous, as all parties assert. Defendants proffer one interpretation, which would result in dismissal of the Complaint. Plaintiffs proffer a contrary interpretation, which would result in the grant of summary judgment in their favor. The Court finds that the Agreement is ambiguous and raises a question of fact. Consequently, both motions are denied.

**I.    BACKGROUND**

The facts below are undisputed and taken from the Complaint and the parties' submissions on the summary judgment motion.

On March 25, 2014, Plaintiffs and Defendant NRG Solar, a limited liability company, entered into the Agreement, by which NRG Solar agreed to purchase Plaintiffs' company, Roof Diagnostics Solar Holdings, LLC ("RDS"), for $63 million. The purchase price was to be paid in four installments, the last of which was $5 million, due on March 25, 2017.

The Agreement states in relevant part that "the Final Post-Closing Payment shall not be due and owing by Purchaser to Sellers unless on the Outside Payment Date [agreed by the parties to be March 25, 2017] Pegler Jr. remains a Good Standing Employee of Purchaser."[1] The Agreement further states, "'Good Standing Employee' means that Pegler Jr. has not been terminated for cause and is not otherwise subject to disciplinary actions or proceedings." The Agreement contains a New York choice of law provision.

Defendant NRG Solar is the wholly owned, indirect subsidiary of Defendant NRG Energy. NRG Energy executed a "Purchaser Parent Guaranty" as of March 25, 2014, in favor of Plaintiffs, which guarantees "the full and timely performance when due, [and] the payment of all amounts when due and owing" by NRG Solar under the Agreement. NRG Energy also agreed that if "at any time [NRG Solar] defaults in the payment or performance when due of any of its Obligations, [NRG Energy] shall, promptly upon written notice by [the Peglers] . . . pay or perform, or cause the payment or performance of, such Obligations."

After NRG Solar purchased RDS, NRG Solar employed Pegler Jr. as its President. On April 8, 2016, Pegler Jr. submitted a letter of resignation, which was accepted, and his resignation became effective April 11, 2016.

---

[1] Section 2.02(d) contains another condition for the final payment, that "the Post-Closing Payment Condition has been satisfied." This condition is not relevant here as the parties stipulated that the condition was satisfied.

As of March 25, 2017, though Pegler Jr. was no longer an employee of NRG Solar, he had not been terminated for cause and had not been, and was not, subject to disciplinary action or proceedings.[2] NRG Solar did not make the last payment of $5 million due that day. On April 28, 2017, Plaintiffs wrote to NRG Energy, in accordance with the Guaranty, providing notice that NRG Solar was in default of its obligation to make the final payment and demanding payment from NRG Energy. Neither NRG Energy nor NRG Solar has made this payment.

The Complaint asserts two causes of action: Count One alleges breach of the Agreement for NRG Solar's failure to make the final payment of $5 million. Count Two alleges breach of the Guaranty for NRG Energy's failure to make good on its guarantee obligation.

## II. LEGAL PRINCIPLES

### A. Motion to Dismiss Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Lanier v. Bats Exch., Inc.*, 838 F.3d 139, 150 (2d Cir. 2016).

---

[2] Although Defendants argue that whether Pegler Jr. was "otherwise subject to disciplinary actions or proceedings" is in dispute, Defendants stipulated to this fact in their Rule 56.1 Counter Statement.

### B. Motion for Summary Judgment Standard

The standard for summary judgment is well established. Summary judgment is appropriate only where the record before the Court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

### C. Principles of Contract Interpretation

The threshold question on a contract claim is "whether the contract is ambiguous with respect to the question disputed by the parties." *Peterson v. Islamic Republic of Iran,* 876 F.3d 63, 83 (2d Cir. 2017). "Where a contract is unambiguous, courts must effectuate its plain language" without resort to extrinsic evidence. *Id.* at 80 (citing *Slamow v. Del. Col.* 594 N.E.2d 918, 919 (N.Y. 1992)) (alteration omitted). If the contract is unambiguous, "[e]vidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing." *Amrusi v. Nwaukoni*, 65 N.Y.S.3d 62, 65 (2d Dep't 2017) (quoting *W.W.W. Assoc. v. Giancotieri*, 566 N.E.2d 639, 641 (N.Y. 1990)). Whether a contract is unambiguous is a question of law to be determined by the court. *Chesapeake Energy Corp. v. Bank of N.Y. Mellon Tr. Co., N.A.*, 773 F.3d 110, 118 (2d Cir. 2014). In contrast, an ambiguous contract raises a question of fact as to the parties' mutual intent, to be resolved by the trier of fact. *See Greenfield v. Philles Records, Inc.*, 780 N.E.2d 166, 170 (N.Y. 2002) ("The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent"); *Arnell Const. Corp. v. N.Y.C. School Const. Auth.*, 41 N.Y.S.3d 101, 103 (2d Dep't 2016) ("When a term or clause is

ambiguous, the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of fact.") (internal citations and quotation marks omitted).

"To determine whether a writing is unambiguous, language should not be read in isolation because the contract must be considered as a whole." *Amrusi*, 65 N.Y.S.3d at 65. There is no ambiguity if the contract as a whole removes any ambiguity in a particular provision. *Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir. 2010) (applying New York law). Conversely, the contract as a whole may create an ambiguity that is not apparent from a single provision in isolation. *See id.* A contract is ambiguous where the terms of the contract "could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement . . . ." *Id.* at 466. A contract that is susceptible to two conflicting, but reasonable, interpretations is ambiguous. *Arnell Const.*, 41 N.Y.S.3d at 103.

### III. DISCUSSION

Both the motion to dismiss and the motion for summary judgment are denied because the Agreement is susceptible to conflicting interpretations which must be resolved by a trier of fact.

At issue is whether Pegler Jr. "remains a Good Standing Employee of Purchaser" on March 25, 2017, the due date for the final payment under the Agreement; and specifically, whether that language requires Pegler Jr. to be employed by NRG Solar on that date. If this condition is satisfied, then the final payment under the Agreement is due to Plaintiff, and Defendants are liable. If the condition is not satisfied, then the payment is not due, and Plaintiff gets nothing.

5

The plain language of this provision, in Section 2.02(d) of the Agreement, particularly the word "remains," suggests that Pegler must still be an employee of NRG Solar on the payment due date. However, the contract creates an ambiguity by defining the term "Good Standing Employee" as having "not been terminated for cause and . . . not otherwise subject to disciplinary actions or proceedings." This is ambiguous because the definition purports to define "Good Standing Employee" and not merely "Good Standing." If the defined term were only "Good Standing," it would be merely descriptive of the word "employee," and the unambiguous language of Section 2.02 -- "remains a[n] . . . employee" -- would govern. However, by defining "Good Standing Employee," the contract could be interpreted to mean that for Pegler Jr. to be a "Good Standing Employee," the sole requirements are that, as of March 25, 2017, he has not been terminated and is not subject to disciplinary proceedings -- and nothing else, such as his continued employment.

Defendants' argument that the definition of "Good Standing Employee" encompasses only current employees, based on its grammatical structure, is rejected. The definition of "Good Standing Employee" is itself ambiguous. On the one hand, it suggests that the definition encompasses prior employees -- the requirement that Pegler Jr. not have been terminated *for cause*, implies that he could have been terminated for any other reason without running afoul of the condition. On the other hand, using the present perfect tense ("*has* not been terminated for cause") and the present tense ("*is* not otherwise subject to disciplinary action or proceedings") (emphasis added) implies that one must be a current employee.

Taking the contract as a whole, with the defined term, the Agreement could be reasonably interpreted to require Pegler Jr.'s continued employment, as Defendants argue, or not to require his continued employment, as Plaintiffs argue. The contract is therefore ambiguous. *See*

*Maverick Tube,* 595 F.3d at 466.  Accordingly, both Defendants' motion to dismiss and Plaintiffs' motion for summary judgment are denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED, and Plaintiffs' motion for summary judgment is DENIED.  The request for oral argument is denied as moot.  The Clerk of Court is respectfully directed to close the motions at Docket Number 17, 25 and 36.

Dated: February 20, 2018
      New York, New York

                                          **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**